IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>RAMON JULBE-ROSA<br><br>Defendant | CRIMINAL NO. 19-458 (ADC) |

**MOTION DISMISS THE INDICTMENT
FOR MISJOINDER OR SEVERANCE**

TO THE HONORABLE COURT:

COMES NOW codefendant RAMON JULBE-ROSA, through the undersigned counsel and before this Honorable Court, respectfully, states, alleges and prays as follows:

Defendant has been charged in an Indictment containing seventeen counts. The underlying charges for each count can be grouped as follows:

1. Counts One through Six: Disability and Medicare Benefits under the Social Security Act and Unemployability benefits under the Veterans Act benefits obtained while allegedly engaged in substantial gainful employment.

1

2. Counts Seven through Fourteen - Manufactured, packaged, labeled, marketed, promoted, distributed and sold unapproved new drugs as treatment for various serious medical conditions, including cancer, diabetes, lupus and rheumatoid arthritis in violation of Food and Drug and Cosmetic Act

3. Counts Fifteen through Seventeen - Catastrophic Loan from the Small Business Administration and Benefits under FEMA — allegedly obtained based upon his principal place of residence when it was allegedly not.

Each of these group of charges requires proof of different elements not shared among them. In fact none of these groups share any particular common element, except that the defendant is the same. The only relation among the first fifteen charges is that the proceeds of the sale of the alleged new unapproved drug is the basis for the government to claim that defendant was engaged in substantial gainful employment.

**JOINDER UNDER RULE 8(a) FED R. CRIM. PROC**

Rule 8(a) of the Federal Rules of Criminal Procedures allows joinder of offenses in the indictment against a defendant if the offenses charged "are of the same or similar character, or are based on the same act of transaction, or are connected with or constitute parts of a common scheme or plan."

Joinder has been construed by the courts generously in favor of joinder, in part because the defendant still has the protection of Rule 14 for severance to avoid undue prejudice when the offenses have been properly joined under Rule 8(a). "Nevertheless, Rule 8(a) does forbid joinder unless the counts meet one of the conditions already quoted, and those conditions, although phrased in general terms, are not infinitely elastic." *United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996)* In determining whether counts are properly combined for trial, the First Circuit historically have considered "whether the charges are laid under the same statute, whether they involve similar victims, location, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor, 54 F.3d 967 (1st Cir. 1995); United States v. Sabean, 885 F.3d 27, 42 (1st Cir. 2018)*

The offenses charged in the first four counts involve alleged fraud to the Social Security Disability Benefits Act and Medicare. The basis of these counts is that the defendant was receiving disability benefits under the Social Security Act as well as health benefits under the Medicare Act because of his disability while he was allegedly engaged in substantial gainful employment. This disqualifies him from receiving disability benefits. Defendant allegedly failed to disclose to the Social Security Administration that he was allegedly working.

The offenses charged in counts five and six involve alleged fraud under the Veterans Unemployability Act. The basis of these counts is that the defendant was

3

receiving unemployability benefits under the Veterans Act while he was allegedly working. Defendant allegedly claimed to the government agency that he was not employed or self-employed when he allegedly was working.

For purposes of these offenses in counts one through seven, the government has to prove that the defendant was in fact engaged in "substantial gainful employment" under the provisions of the Social Security Disability Benefits Act and in fact working under the provisions of the Veterans Unemployability Benefits Act. The evidence as disclosed in the discovery and summary of testimonies of lay witnesses will consist in the income derived from defendant's manufacture and sale of natural products obtained from his bank and paypal accounts.

The offenses charged in counts seven to fifteen are of a totally different nature. In those charges the government claims that the defendant was manufacturing, packaging, labeling, marketing, promoting, distributing and selling oils obtained from plants allegedly claiming that they were for treatment of serious medical conditions without the required approval of the Food and Drug Administration for new drugs. The evidence as disclosed in discovery will mainly consist of the labeling and promotional documents of defendant's product on the internet, newspapers and the product itself. The proceeds of the sale of these products is the basis for the government claim that the defendant was engaged in substantial gainful employment and/or was self-employed.

The kind of work from where the defendant obtains the income that allegedly qualifies as substantial gainful employment has no bearing whatsoever with the commission of the offense under the Social Security Disability Benefits Act or the Veterans Unemployability Act. It can be any kind of work, as long as it is demonstrated that it is performed by the defendant and it generates substantial income under the parameters of each of these laws.

By the same token, the labeling and promotional of natural products in violation of the Food, Drug and Cosmetic Act is not contingent upon the amount of income generated from such violation as long as it is for commercial purpose.

The last two counts are offenses totally different from all of the above. They involve catastrophic benefits granted after the pass of Hurricane Maria to assist persons that suffered damages in their principal residence. The government has to prove that the residence claimed by the defendant in support of the benefits under the Small Business Administration and FEMA was not his principal place of residence under the definition and parameters of these laws.

There is no way that the joinder of all of these three groups of offenses in a single indictment falls under any of the permissible alternatives of Rule 8(a) of the Federal Rules of Criminal Procedure.

In *United States v. Randazzo, supra*, the First Circuit held that precisely charges for shrimps mislabel under the Food, Drug and Cosmetic Act were

improperly joined in the same indictment with tax reporting charges. The First Circuit held:

> "It is obvious why Congress provided for joinder of counts that grow out of related transactions – ones that are 'connected' or 'part of a common scheme or plan', the reason for allowing joinder of offenses having 'the same or similar character' is less clear. But whatever the rationale, we think that it is very hard to describe adulterating or mislabeling shrimp offenses 'similar' to tax fraud – except at a level of generality so high as to drain the term of any real content. Even the government's best case does not stretch as far as the present facts. *United States v. Levine*, 983 F.2d 165, 167-68 (10th Cir. 1992)(bank fraud and mail fraud)
>
> As to the presence of evidence common to both sets of counts, we agree that the extent of common evidence plays a role in implementing Rule 8(a). *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995). But Congress did not provide for joinder for unrelated transactions and dissimilar crimes merely because some evidence might be common to all of the counts. Indeed, looking to the important evidence, the shrimp and tax counts in this case seem to revolve around quite different facts." *Id* at pps. 627-28[1]

In *United States v. Edgar, 82 F.3d 499 (1st Cir. 1996)* the First Circuit held improper, joinder of worker's compensation fraud and automobile accident fraud with bankruptcy fraud charges. (Different statutes and different victims)[2]

In *United States v. Buchanan, 930 F.Supp 657, 665 (D. Mass. 1996)* the District Court adopted a novel test for "same or similar character" provision of Rule 8(a). It held that "one way of evaluating a Rule 8(a) 'similar character' joinder, is to pose the question in terms of Rule 404(b)". Whether the charged

---

[1] *United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994)* held that "similar character" under Rule 8(a) of the Federal Rules of Criminal Procedure is a "clear directive to compare the offenses charged for categorical, not evidentiary similarities." See also: *United States v. Peterson, 823 F.3d 1113 (7th Cir. 2016)*

[2] The First Circuit found that the error was harmless.

offense in the separate counts would have been admissible in a separate trial of the other charges under Rule 404(b) to show "plan, opportunity, knowledge or motive". See also: *United States v. Halper, 590 F.2d 422, 431-32 (2d Cir. 1978)*

In the case of the disability and unemployability benefits fraud, evidence of the mislabeling and marketing of the products will never constitute Rule 404(b) admissible evidence and vice-versa.[3]

In fact, evidence as to how much the defendant gained from the commercial distribution of the alleged new drug in violation of the FDCA is immaterial to prove the violation of the law, it is only relevant to determine the loss for purpose of the applicable United States Sentencing Guideline range. While for purposes of the disability and unemployed benefits, it does.[4]

Therefore, the joinder of the offenses under the Social Security Act, Veterans Act, Medicare, Small Business Administration and FEMA with the offenses under the Food, Drug and Cosmetic Act in this case is improper and the indictment must be dismissed.

**SEVERANCE**

Rule 14 of the Federal Rules of Criminal Procedure provides that "If the joinder of offenses . . . for trial appears to prejudice a defendant . . ., the court may

---

[3] Compare with other cases where joinder under 8(a) has been found proper: *United States v. Taylor, supra; United States v Yefsky, 994 F.2d 885 (1st Cir. 1993); United States v. Sabean, supra*

[4] Both, the Social Security Disability Benefits Act and the Veterans Unemployability Benefits Act allows the beneficiary to earn certain amount of monies so long as it is disclosed to the agency.

7

order separate trials of counts . . ."   Joinder under Rule 8(a) is a question of law that once found that the joinder does not fall within any of the enumerated categories, the indictment must be dismissed.  While Rule 14 prejudice for joinder rests in the sound discretion of the trial court.  *United States v. Werner, 620 F.2d 922 (2d Cir. 1980)*

Therefore, in order to consider severance under Rule 14, the court must have first found that joinder was proper under Rule 8(a), but still such joinder may cause prejudice to the defendant when tried together.  The defendant must demonstrate that the prejudicial joinder likely deprives him of a fair trial.  *United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008); United States v. Baltas, 236 F.3d 27, 33 (1st Cir. 2001).*

The First Circuit held in *United States v. Richardson, supra*, that:

"Three types of prejudice may result from trying a defendant for several offenses during the same trial:
(1) The defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a second trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.,"

8

In this case defendant is concerned with the second type of prejudice enumerated above, that is: proof that defendant is guilty of the disability and unemployability benefits be used to convict him of the violation of the FDCA, even though the evidence of the disability benefits offenses would be inadmissible in the trial for the violation of the FDCA alone.

In *United States v. Lotsch, 102 F.2d 35, 36 (2d Cir. 1939)* Judge Learned Hand explained:

> "There is indeed always a danger when several crimes are tried together, that the jury may use the evidence cumulatively; that is, although so much as would be admissible upon any one of the charges might not have persuaded them of the accused's guilt, the sum of it will convince them as to all. This possibility violates the doctrine that only direct evidence of the transaction charged will ordinarily be accepted, and that the accused is not to be convicted because of his criminal disposition."[5]

There is no doubt that in the case for violation of the FDCA the government will be precluded from introducing in evidence the violations of the SSA, VA, SBA or FEMA claims under Rule 404(b) and vice versa. If allowed all of these dissimilar offenses be tried together, the sum of them will certainly adversely affect the juries perception and character of the defendant. The FDCA charges require prove of specific criminal intent in the mode charged. The evidence as to specific intent under the FDCA charges may not be sufficient under the law, but the jury may wrongfully infer the criminal state of mind from the evidence as to defendant's

---

[5] *United States v. Halper, supra, at pps, 430-31*

9

Case 3:19-cr-00458-ADC   Document 54   Filed 10/25/20   Page 10 of 10

other charges. The juries state of mind even unconscious cannot be controlled when the government piles up all kind of criminal violations a defendant may have committed of diverse nature in a single indictment.

WHEREFORE it is respectfully requested to this Honorable Court to dismiss the Indictment for improper joinder of offenses under Rule 8(a) of the Federal Rules of Criminal Procedure or grant a severance of the dissimilar charges.

RESPECTFULLY SUBMITTED.

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will automatically serve copy upon all counsel of record.

In San Juan, Puerto Rico, October 25, 2020.

/S/ *Irma R. Valldejuli*
IRMA R. VALLDEJULI
P O Box 361228
San Juan, Puerto Rico 00936-1228
Tel: (787) 410-4250
E-Mail: irvalldejuli@gmail.com

10