THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**RAMÓN A. JULBE-ROSA,**<br><br>**Defendant.** | **Crim. No. 19-458 (ADC)** |

### OPINION AND ORDER

Before the Court is defendant Ramón A. Julbe-Rosa's Motion to Dismiss the Indictment or for Severance. **ECF No. 54.** The government filed a brief in opposition. **ECF No. 62**. For the following reasons, defendant's motion is **DENIED**.

Defendant faces a 17-count indictment. **ECF No. 3**. He separates the charges into three groupings: counts 1 through 6 involve the Social Security Administration (SSA), Medicare Program, and Department of Veterans Affairs (VA); counts 7 through 15 involve the Food and Drug Administration (FDA); and counts 16 and 17 involve the Small Business Administration (SBA) and the Federal Emergency Management Agency (FEMA). **ECF No. 54** at 1-2. Defendant argues that the FDA counts (Counts 7-15) are improperly joined under Rule 8 of the Federal

Rules of Criminal Procedure and, even if properly joined, must nonetheless be severed under Rule 14.[1] *Id.* at 7.

Rule 8 permits an indictment to "charge a defendant in separate counts with 2 or more offenses if the offenses charged … are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "This provision is generously construed in favor of joinder." *U.S. v. Meléndez*, 301 F.3d 27, 35 (1st Cir. 2002) (citation and internal quotation marks omitted).

Defendant argues that the FDA charges are not sufficiently similar to warrant joinder with the other counts in the indictment. Under a Rule 8(a) analysis, "'[s]imilar' does not mean 'identical,'" and similarity is assessed by a court "in terms of how the government saw its case at the time of indictment." *Id.* (citation omitted). Allegations that a defendant engaged in a common scheme or plan are often used to join false statement and fraud counts, particularly where "the failure to report may help conceal the fraud." *U.S. v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996). *See U.S. v. Sabean*, 885 F.3d 27, 43 (1st Cir. 2018). In making this determination, courts may "take into account factors such as 'whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred.'" *Sabean*, 885 F.3d at 42 (quoting *U.S. v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995)). In addition, "relatedness of offenses can be established by demonstrating

---

[1] Defendant limits his misjoinder and severance challenges to the joinder of the FDA counts with the others in the indictment, rather than joinder of each of the three groupings with each other. **ECF No. 54** at 7. In other words, the Court understands his motion to be requesting two separate trials, not three.

that essentially the same facts must be shown for each of the consolidated crimes." *U.S. v. O'Connell,* 703 F.2d 645, 648 (1st Cir. 1983) (citation and internal quotation marks omitted). *See U.S. v Richardson*, 515 F.3d 74, 82 (1st Cir. 2008) (collecting cases); *see also U.S. v. Dominguez*, 226 F.3d 1235, 1239 (11th Cir. 2000) ("Regardless of whether both sets of charges involve the presentation of the same evidence, the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes.").

Counts 1-6 involve defendant's receipt of certain federal benefits under the SSA, VA, and Medicare Program. **ECF No. 3** at 8-13. These counts turn on defendant's employment, employability, and/or income status from 2012 through the date of the indictment. The counts are brought under 18 U.S.C. §§ 641 (theft of government property); 1001(a)(2) (false statement or representation made to a department or agency of the U.S. government); 1347 (health care fraud); and 42 U.S.C. § 408 (false statements or representation, or concealment or failure to disclose event to SSA).

Counts 7-15 allege defendant owned and operated a business that sold upwards of $341,242 worth of health and nutrition products in interstate commerce. **ECF No. 3** at 13-16. The indictment alleges these sales began around August 19, 2013 and continued through the date of the indictment. The indictment alleges defendant did not comply with FDA marketing, labeling, and drug approval processes. The counts are brought under 21 U.S.C. §§ 331(d) and 333(a)(2) (introduction into interstate commerce of unapproved new drugs).

Counts 16 and 17 allege defendant received through fraud and false statements SBA and FEMA disaster recovery benefits to repair his primary residence after the passage of Hurricane María in September 2017. **ECF No. 3** 16-18 Specifically, the counts allege defendant knowingly provided an address to the SBA and FEMA that was not his primary residence at the time of the hurricane. The counts are brought under 18 U.S.C. §§ 1040 (fraud in connection with major disaster or emergency benefits); 1001(a) (false statement or representation made to a department or agency of the U.S.).

The similarities of these 17 counts are evident in the timeframes and types of offenses alleged—fraud, concealment, and false statements to federal entities—with several counts falling under the same statutes. Defendant's alleged modus operandi of concealing information from various government entities may have helped sustain and expand his artifice for the seven-year period alleged. His false employment and income statements on his SSA and VA benefit applications and recertifications may have helped conceal his alleged FDA violations. Likewise, the business at the heart of the FDA counts needed to remain hidden from the SSA, VA, and Medicare Program to sustain his fraud against those entities. Defendant's falsification of his address to the SBA and FEMA, according to the government's theory of the case, constitutes another flex of defendant's MO to defraud and conceal his personally identifying information in pursuit of undeserved federal benefits. Likewise, the SBA and FEMA counts could be supported with some of the same evidence as the other counts, namely applications submitted by defendant to other government entities that identify his primary residence during the same

period. *Cf. O'Connell,* 703 F.2d at 648 (upholding joinder of counts where "the facts necessary to show guilt on the stolen goods charges made up an important subset of those needed to show guilt on the perjury charge"). The Court concludes the counts are properly joined under Rule 8.

However, even if properly joined, a "court may order separate trials of counts … or provide any other relief that justice requires," "[i]f the joinder of offenses … appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Courts have identified three categories of prejudice that "may result from trying a defendant for several offenses during the same trial." *Richardson*, 515 F.3d at 81.

> (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a second trial for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

*Id.* (citation and internal quotation marks omitted).

Here, defendant asserts he will be prejudiced under the second theory. Defendant argues that the accumulation of evidence could influence the jury to draw inferences of defendant's bad character to fill in the blanks in the government's case, namely as to the specific intent element of the FDA charges. **ECF No. 54** at 9-10. He suggests the sole means of remedying this risk of prejudice is through severance. *Id.* at 10.

The Court is not persuaded. Defendant's argument is cursory and alleges little more than "garden variety prejudice." "Garden variety prejudice … will not, in and of itself, warrant

severance." *Richardson*, 515 F.3d at 81. "A district court should only order severance if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *U.S. v. Azor*, 881 F.3d 1, 12 (1st Cir. 2017) (citation and internal quotation marks omitted). Here, defendant essentially argues that juries cannot be trusted, stating, "The juries [sic] state of mind even unconscious cannot be controlled when the government piles up all kind [sic] of criminal violations a defendant may have committed of diverse nature in a single indictment." **ECF No. 54** at 10. The Court declines to adopt a baseline assumption of jury dysfunction. There is no indication here that an instruction advising "the jury to consider the evidence separately as to each count" will not adequately safeguard against the potential of prejudicial evidentiary spillover alleged. *See Richardson*, 515 F.3d at 83 (citing *U.S. v. Baltas,* 236 F.3d 27, 34 (1st Cir. 2001)). Accordingly, defendant's request for relief under rule 14(a) is also denied.

Defendant's motion to dismiss or for severance is **DENIED. ECF No. 54**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of July, 2021.

                                         **S/AIDA M. DELGADO-COLÓN**
                                         **United States District Judge**