IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[1] RAMON A. JULBE-ROSA,
Defendant.

CRIMINAL NO. 19-458(ADC)

PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Ramón A. Julbe-Rosa, and Defendant's Counsel, Irma Valldejuli, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One, Four, Five, Seven through Fourteen and Sixteen of the Indictment:

Count One (Theft of Government Property – SSA):

Between on or about January 1, 2012, and continuing through on or about the date of this Indictment, in the District of Puerto Rico, the defendant, [1] Ramón A. Julbe-Rosa, did knowingly and willfully embezzled, stole, and converted to his own use or the use of another, money of the Social Security Administration ("SSA"), a department or agency of the United States, namely Social Security Disability Insurance Benefit payments to which he knew he was not entitled, having a value of approximately $79,369.80. In violation of 18 U.S.C. § 641.

Count Four (Health Care Fraud):

SCHEME AND ARTIFICE TO DEFRAUD

The scheme and artifice to defraud was that the defendant, [1] Ramón A. Julbe-Rosa,

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

would fraudulently obtain DIB and Medicare benefits by submitting false and fraudulent information to the SSA and by concealing to the SSA the fact that he was able to work.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means used by the defendant to accomplish the scheme and artifice to defraud included, among other things, the following:

The allegations contained in Counts One through Three of this Indictment are re-alleged and incorporated herein by reference, as if fully set forth herein.

On May 1, 1993, as a result of his DIB, [1] Ramón A. Julbe-Rosa enrolled in Part A and B of the Medicare Program.

From January 1, 2012 through December 31, 2015, as a result of his DIB, [1] Ramón A. Julbe-Rosa enrolled and benefitted from Part C of the Medicare Program with Triple S, Medicare Advantage Plan.

From January 1, 2016 through June 30, 2019, as a result of his DIB, [1] Ramón A. Julbe-Rosa enrolled and benefitted from Part C of the Medicare Program with MMM, Medicare Advantage Plan.

From January 1, 2012, through December 31, 2015, defendant [1] Ramón A. Julbe-Rosa fraudulently caused Medicare to pay Triple S, Medicare Advantage Plan, in capitation payments or premiums, approximately $34,213.32.

Between January 1, 2016, through June 30, 2019, defendant [1] Ramón A. Julbe-Rosa fraudulently caused Medicare to pay MMM, Medicare Advantage Plan, in capitation payments or premiums, approximately $12,788.78.

From on or about January 1, 2012, though the date of this Indictment, in the District of Puerto Rico, and elsewhere, the defendant, [1] Ramón A. Julbe-Rosa, knowingly and willfully executed or attempted to execute a scheme or artifice to defraud a health care benefit

Page | 2

*U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)*

program or to obtain by means of materially false or fraudulent pretenses, representations, or promises, money and property owned by or under the custody or control of a health care benefit program, as defined in 18 U.S.C. § 24(b), that is, Medicare, in connection with the delivery of or payment for health care benefits, items, or services, that is, Medicare fraudulently paid Medicare Advantage Plans approximately $47,002.10 in capitation payments or premiums under Part C of the Medicare Program for the benefit of [1] Ramón A. Julbe-Rosa. In violation of 18 U.S.C. § 1347.

### Count Five (Theft of Government Property – VA):

Between on or about January 1, 2012, and continuing through on or about the date of this Indictment, in the District of Puerto Rico, the defendant, [1] Ramón A. Julbe-Rosa, knowingly and willfully embezzled, stole, and converted to his own use or the use of another, money of the U.S. Department of Veterans Affairs ("VA"), a department or agency of the United States, namely Unemployability Benefit payments to which he knew he was not entitled, having a value of approximately $141,372.35. In violation of 18 U.S.C. § 641.

### Counts Seven through Fourteen (Introduction into Interstate Commerce Unapproved New Drugs – FDA):

From on or about at least August 19, 2013, and continuing up to and until the return of this Indictment, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant, [1] Ramón A. Julbe-Rosa, aided and abetted by others known and unknown to the Grand Jury, engaged in a scheme to defraud designed to unlawfully enrich himself by manufacturing, packaging, labeling, marketing, promoting, distributing, and selling unapproved new drugs as treatment for various serious medical conditions, including cancer, diabetes, lupus, and rheumatoid arthritis, which included, among other things, the following:

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

a. Defendant [1] Ramón A. Julbe-Rosa established, maintained, and operated the website www.aceitedeguanabana.com, through which he promoted and sold various products intended as treatments for serious medical conditions, including but not limited to soursop oil for cancer, diabetes terminator for diabetes, and moringa oil for asthma, lupus, arthritis, among other diseases (hereinafter "unapproved drugs");

b. Defendant [1] Ramón A. Julbe-Rosa also promoted and marketed these unapproved drug products in newspaper, through radio-broadcasts, and on social media and web-based platforms, such as Facebook and YouTube, using the following identities/names: Ray Julbe, Ramón Julbe, Ramón Rosa, Ramón Rosa 7, Aceite Puro De Guanábana, @GuanabanaRosa, Junior Guanabana, amigospr7@aol.com and RamonRosa 7 LLC;

c. Defendant [1] Ramón A. Julbe-Rosa sold the unapproved drugs individually and also supplied wholesale quantities of these unapproved drug products to various retail outlets located in Puerto Rico and Florida for sale to end-user consumers; and

d. Defendant [1] Ramón A. Julbe-Rosa sold at least $341,242.26 worth of unapproved new drugs.

On or about the dates set forth below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendant, [1] Ramón A. Julbe-Rosa, with intent to defraud and mislead, introduced and delivered for introduction into, and caused the introduction and delivery for introduction into, interstate commerce, new drugs that did not have in effect with the Food and Drug Administration ("FDA"), as required, an approved New Drug Application, Abbreviated New Drug Application, or Investigational New Drug Application, as required under 21 U.S.C. § 355(a), as more fully described below:

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

| COUNT | APPROX. DATE OF MAILING | UNAPPROVED NEW DRUGS | INTRODUCTION INTO INTERSTATE COMMERCE |
|---|---|---|---|
| 7 | 1/21/2015 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9400 1096 9993 9600 4973 92) from Morovis, Puerto Rico to Hazlet, New Jersey. |
| 8 | 8/29/2015 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9405 5096 9993 8735 3989 11) from Morovis, Puerto Rico to Orlando, Florida. |
| 9 | 7/18/2016 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9405 9096 9993 9102 5929 61) from Morovis, Puerto Rico to Orlando, Florida. |
| 10 | 7/21/2016 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9400 1096 9993 8639 4840 07) from Morovis, Puerto Rico to Newark, New Jersey. |
| 11 | 3/20/2017 | RamonRosa 7 Soursop oil  RamonRosa 7 Diabetes Terminator | Via USPS (tracking no. 9405 9096 9993 7412 0208 08) from Morovis, Puerto Rico to New Orleans, Louisiana. |
| 12 | 8/20/2018 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9405 8096 9993 9208 4548 38) from Morovis, Puerto Rico to Howard Beach, New York. |
| 13 | 8/20/2018 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9407 8096 9993 9211 1078 11) from Morovis, Puerto Rico to Ormond Beach, Florida. |
| 14 | 10/23/2018 | RamonRosa 7 Soursop oil  RamonRosa 7 Moringa oil | Via USPS (tracking no. 9400 1096 9993 9387 4234 61) from Morovis, Puerto Rico to Oviedo, Florida. |

Each count constituting a separate and distinct violation of 21 U.S.C. §§ 331(d) and 333(a)(2).

**Count Sixteen (Fraud in Connection with Major Disaster – SBA):**

Beginning on or about October 9, 2017, and continuing through on or about the date of this Indictment, in the District of Puerto Rico, the defendant, [1] Ramón A. Julbe-Rosa,

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

knowingly falsified, concealed and covered up by trick, scheme or device one or more material facts in connection with benefits authorized, transported, transmitted, transferred, disbursed or paid in connection with a major disaster declaration under section 401 of the Stafford Act, to wit: [1] Ramón A. Julbe-Rosa falsely represented to the Small Business Administration ("SBA") that a residence located in Road 567, Morovis, Puerto Rico 00687 was his primary residence when Hurricane María struck Puerto Rico, when in fact [1] Ramón A. Julbe-Rosa's primary residence was located in Road 617, Morovis, Puerto Rico 00678.

### MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means used by the defendant to accomplish the trick, scheme or device included, among other things, the following:

It was a part of the manner and means of the unlawful scheme that on or about October 9, 2017, the defendant, [1] Ramón A. Julbe-Rosa, applied for an SBA Disaster Loan (SBA Loan # 145 2047 001) by falsely representing that on September 20, 2017, his primary residence, damaged by Hurricane María, was located at Road 567, Morovis, Puerto Rico 00687, although [1] Ramón A. Julbe-Rosa, there and then well knew that this was not his primary residence.

It was further part of the manner and means of the unlawful scheme that the defendant, [1] Ramón A. Julbe-Rosa, designated his personal bank account at USAA Federal Savings Bank as the payee account for any SBA disaster loan proceeds received in connection with the damages Hurricane María caused to his alleged primary residence located in Road 567, Morovis, Puerto Rico 00687.

As a result of this scheme, defendant, [1] Ramón A. Julbe-Rosa, fraudulently received from SBA benefits, as described in 18 U.S.C. § 1040. Specifically, the defendant received from SBA $50,000.00, all of which was authorized, transported, transmitted, transferred, disbursed

Page | 6

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

or paid by electronic funds transfers into his bank account. All in violation to 18 U.S.C. § 1040.

## 2. Maximum Penalties

The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 641, a fine not to exceed $250,000.00, and a term of supervised release of not more than (3) years.

For Count Four, the maximum statutory penalty is a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 1347, a fine not to exceed $250,000.00, and a term of supervised release of not more than (3) years.

For Count Five, the maximum statutory penalty is a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 641, a fine not to exceed $250,000.00, and a term of supervised release of not more than (3) years.

For Counts Seven through Fourteen, pursuant to 21 U.S.C. §§ 333(a)(2), the maximum statutory penalty is a term of imprisonment of not more than three years, a fine not to exceed $10,000.00, and a term of supervised release of not more than one year.

For Count Sixteen, the maximum statutory penalty is a term of imprisonment of not more than thirty (30) years, pursuant to 18 U.S.C. § 1040, a fine not to exceed $250,000.00, and a term of supervised release of not more than five (5) years.

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996. The parties agree that the defendant will make restitution as follows:

- $57,552.00 for the Social Security Administration;
- $118,943.94 for the U.S. Department of Veterans Affairs;
- $47,002.10 for the Medicare Program;
- $47,443.94 for the Small Business Administration.

The total amount of restitution is $270,941.98. The defendant acknowledges that the restitution sought in this case does not impact the administrative policies and/or proceedings of the SSA, VA, SBA and the Medicare Program.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court,

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

and do not constitute representations about what the parties will seek, or what the actual sentence will be.

7. **Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to the Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATION TABLE | | | | | | |
|---|---|---|---|---|---|---|
| Counts 1, 4, 5, 7-14 and 16, which are grouped pursuant to U.S.S.G. § 3D1.2(d) | | | | | | |
| Base Offense Level pursuant to U.S.S.G. § 2B1.1(a)(1) | | | | | | 7 |
| Specific Offense Characteristic pursuant to U.S.S.G. § 2B1.1(b)(1)(G) for an aggravated loss of $270,941.98 | | | | | | +12 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | | 16 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI | |
| 21-27 | 24-30 | 27-33 | 33-41 | 41-51 | 46-57 | |



8. **Sentence Recommendation**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to the following:

i. The defendant will be allowed to ask for any sentence including a downward departure pursuant to §§ 5H1.3 and 5H1.4 of the U.S. Sentencing Guidelines.

ii. If the Court finds that a downward departure applies pursuant to §§ 5H1.3 and 5H1.4 of the U.S. Sentencing Guidelines, the government will request a sentence within the modified/reduced sentencing guidelines as determined by the Court. If the Court finds that the downward departure is not appropriate,

        the government reserves the right to request a term of imprisonment not greater than 27 months.

  iii.    The parties agree that any recommendation or action by either party contrary to the terms and conditions set forth above will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 27 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Irma Valldejuli Esq., and asserts that counsel have rendered effective legal assistance.

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts

Page | 11

therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 19. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 20. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 22. Withdrawal of Second Motion to Dismiss



Defendant hereby agrees to withdraw his second motion to dismiss filed at docket no. 103.

**REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK**

*U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)*

### 23. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

W. STEPHEN MULDROW
United States Attorney

_____
SETH ERBE
Digitally signed by SETH ERBE
Date: 2022.01.13 14:17:50 -04'00'

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud and
Public Corruption Unit
Dated: 1/13/2022

_____
Vanessa D. Bonano-Rodríguez
Special Assistant U.S. Attorney
Dated: 01-14-22

_____
Irma Valldejuli, Esq.
Counsel for Defendant
Dated: January 17, 2022

_____
Ramón A. Julbe-Rosa
Defendant
Dated: 1/17/2022

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: Jan 17 2022

_____
Ramón A. Julbe-Rosa
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 01/17/2022

_____
Irma Valldejuli, Esq.
Counsel for Defendant

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Ramón A. Julbe-Rosa admits that he is guilty as charged in the Indictment and admits the following:

The defendant admits that from on or about January 1, 2012, and continuing through on or about the date of this Indictment, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant, aided and abetted by others known and unknown to the Grand Jury, engaged in a scheme to defraud designed to unlawfully enrich himself by manufacturing, packaging, labeling, marketing, promoting, distributing, and selling unapproved new drugs.

The defendant established, maintained, and operated the website www.aceitedeguanabana.com, through which he promoted and sold various products intended as treatments for serious medical conditions, including but not limited to soursop oil for cancer, diabetes terminator for diabetes, and moringa oil for asthma, arthritis, among other diseases (hereinafter "unapproved drugs").

The defendant with intent to defraud and mislead, introduced and delivered for introduction into, and caused the introduction and delivery for introduction into, interstate commerce, new drugs that did not have in effect with the FDA, as required, an approved New Drug Application, Abbreviated New Drug Application, or Investigational New Drug Application as more fully described below:

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

| APPROX. DATE OF MAILING | UNAPPROVED NEW DRUGS | INTRODUCTION INTO INTERSTATE COMMERCE |
|---|---|---|
| 1/21/2015 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9400 1096 9993 9600 4973 92) from Morovis, Puerto Rico to Hazlet, New Jersey. |
| 8/29/2015 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9405 5096 9993 8735 3989 11) from Morovis, Puerto Rico to Orlando, Florida. |
| 7/18/2016 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9405 9096 9993 9102 5929 61) from Morovis, Puerto Rico to Orlando, Florida. |
| 7/21/2016 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9400 1096 9993 8639 4840 07) from Morovis, Puerto Rico to Newark, New Jersey. |
| 3/20/2017 | RamonRosa 7 Soursop oil<br><br>RamonRosa 7 Diabetes Terminator | Via USPS (tracking no. 9405 9096 9993 7412 0208 08) from Morovis, Puerto Rico to New Orleans, Louisiana. |
| 8/20/2018 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9405 8096 9993 9208 4548 38) from Morovis, Puerto Rico to Howard Beach, New York. |
| 8/20/2018 | RamonRosa 7 Soursop oil | Via USPS (tracking no. 9407 8096 9993 9211 1078 11) from Morovis, Puerto Rico to Ormond Beach, Florida. |
| 10/23/2018 | RamonRosa 7 Soursop oil<br><br>RamonRosa 7 Moringa oil | Via USPS (tracking no. 9400 1096 9993 9387 4234 61) from Morovis, Puerto Rico to Oviedo, Florida. |

During the period previously mentioned, the defendant was receiving disability benefits from the Social Security Administration and Unemployability Benefits from the U.S. Department of Veterans Affairs since he was claiming to be unable to work due to his disabling conditions.

Between on or about January 1, 2012, and continuing through on or about the date of this Indictment, in the District of Puerto Rico, the defendant, knowingly and willfully

Page | 17

embezzled, stole, and converted to his own use or the use of another, monies of the SSA and VA, departments or agencies of the United States, namely Social Security Disability Insurance Benefit and Unemployability Benefits payments to which he knew he was not entitled, having a value of approximately $57,552.00 and $118,943.94, respectively. Specifically, the defendant was working in contravention to what he represented to SSA and VA.

As part of his social security disability benefits, the defendant was also receiving Part C of the Medicare Program. From January 1, 2012 through the date of the Indictment, the defendant knowingly and willfully executed a scheme or artifice to defraud by obtaining Medicare benefits through the submission of false and fraudulent information to the SSA and by concealing the fact that he was able to work. The money and property obtained from Medicare was in connection with the delivery of or payment for health care benefits, items, or services. As part of this scheme, Medicare improperly paid Medicare Advantage Plans approximately $47,002.10 in capitation payments or premiums under Part C of the Medicare Program for the benefit of the defendant, to which he was not entitled.

Furthermore, beginning on or about October 9, 2017, and continuing through on or about the date of this Indictment, in the District of Puerto Rico, the defendant, knowingly falsified, concealed and covered up by trick, scheme or device one or more material facts in connection with benefits authorized, transported, transmitted, transferred, disbursed or paid in connection with a major disaster declaration under section 401 of the Stafford Act, to wit: Ramón A. Julbe-Rosa applied for an SBA disaster loan and falsely represented that a residence located in Road 567, Morovis, Puerto Rico was his primary residence when Hurricane María struck Puerto Rico, when in fact the defendant well knew that his primary residence was located in Road 617, Morovis, Puerto Rico. As part of this scheme, the

U.S. v. [1] Ramón A. Julbe-Rosa, 19-458(ADC)

defendant received from SBA $50,0000, to which he was not entitled. The current balance of this loan is $ 47,443.94.

At trial, the United States would have proven beyond a reasonable doubt that Ramón A. Julbe-Rosa is guilty as charged in Counts One, Four, Five, Seven through Fourteen and Sixteen by presenting physical and documentary evidence, videos, as well as the testimony of law enforcement agents, federal employees and others. Full discovery has been provided to the defendant.

_____
Vanessa D. Bonano-Rodríguez
Special Assistant U.S. Attorney
Dated: 01-14-22

_____
Irma Valldejuli, Esq.
Counsel for Defendant
Dated: January 17, 2022

_____
Ramón A. Julbe-Rosa
Defendant
Dated: January 21 2022