IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAMON A. JULBE-ROSA,<br>    Petitioner,<br>         v.<br>UNITED STATES OF AMERICA,<br>    Respondent. | CIVIL NO. 22-1645 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Petitioner Ramon A. Julbe-Rosa's ("Petitioner") Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in Criminal Case No. 19-458 (JAG). Docket No. 1; *see also* Docket Nos. 4; 8; 12; 20; 21. The government moved to dismiss the Petition. Docket Nos. 6; 17. For the reasons set forth below, the Court **GRANTS** the government's Motion to Dismiss and **DENIES** Petitioner's Motion.

PROCEDURAL BACKGROUND

On January 27, 2022, Petitioner plead guilty to Counts One (Theft of Government Property – Social Security Administration), Four (Health Care Fraud), Five (Theft of Government Property – U.S. Department of Veterans Affairs), Seven through Fourteen (Introduction into Interstate Commerce of Unapproved New Drugs – Federal Drug Administration), and Sixteen (Fraud in Connection with Major Disaster – Small Business Administration). Crim. No. 19-458, Docket Nos. 118; 120. On April 19, 2022, Petitioner was sentenced to 18 months of imprisonment with a five-level downward departure pursuant to U.S.S.G. §§ 5H1.3 and 5H1.4, followed by 3 years of supervised release. Crim. No. 19-458, Docket No. 165. This sentence was within the sentencing

options agreed to by the Parties in the plea agreement. Crim. No. 19-458, Docket No. 118. The First Circuit affirmed the sentence, finding there was "no indication that the operative waiver of appellate rights in defendant-appellant's plea agreement is invalid or that its enforcement could result in a miscarriage of justice." Crim. No. 19-458, Docket No. 205. On December 22, 2022, Petitioner timely filed a motion under 28 U.S.C. § 2255. Docket No. 1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); s*ee Knight v. United States*, 37 F.3d 769, 772-73 (1st Cir. 1994).

A motion under § 2255 is not a substitute for a direct appeal. *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016). Therefore, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." *Id*. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on [direct] appeal." *Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's review unless "the petitioner can show both (1) 'cause' for having procedurally

defaulted his claim; and (2) 'actual prejudice' resulting from the alleged error." *Id.; United States v. Frady*, 456 U.S. 152, 167-68 (1982).

Because Petitioner brings this collateral attack *pro se*, the Court construes his submissions liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "However, pro se status does not insulate a party from complying with procedural and substantive law. The policy behind affording pro se [petitioners] liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted). Thus, a *pro se* petitioner is not exempt from having to put forth the "requisite supporting facts" for each element of his or her claim. *See id.*

## ANALYSIS

In his § 2255 motion, Petitioner raises a claim of ineffective assistance of counsel and requests withdrawal of his guilty plea. Docket Nos. 1; 4; 8; 12; 20; 21. The Court finds that Petitioner has failed to show that (i) his trial counsel rendered ineffective assistance or (ii) his plea should be withdrawn. The Court shall address each argument in turn.

I. Ineffective Assistance of Counsel

To warrant § 2255 relief, an ineffective assistance of counsel claim requires a showing that (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense . . . [so] as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and "that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Failure to satisfy one of the *Strickland* prongs is fatal; therefore, the Court is free to tackle either prong first. *United States v. Caparotta*, 676 F.3d 213, 219-20 (1st Cir. 2012); *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010). The proper standard for judging attorney performance is that of reasonably effective assistance, considering the totality of the circumstances. *Strickland*, 466 U.S. at 687-88. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. This analysis "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Furthermore, in assessing an ineffective assistance of counsel claim, our precedent imposes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* As such, "[j]udicial scrutiny of counsel's performance must be highly deferential," *id.*; and "[s]urmounting *Strickland*'s high bar is never an easy task," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (citations omitted).

Here, Petitioner procedurally defaulted on his claims by failing to raise these arguments in a timely manner in his direct appeal. *See Bucci*, 662 F.3d at 27. Petitioner's appellate brief stated: "No issue has been identified . . . The only issue which might deserve consideration by this Honorable Court is whether the sentence imposed was substantively unreasonable." Brief for Appellant at 6, *United States v. Julbe-Rosa* (No. 22-1372), Docket No. 25-1. As such, all other claims are barred because Petitioner has not shown cause for the procedural default nor actual prejudice. *See Bucci*, 662 F.3d at 27.

CIVIL NO. 22-1645 (JAG)                                                                                                  5

Even assuming *arguendo* that Petitioner's claims are not barred, he has failed to rebut the strong presumption that his trial counsel's performance was reasonable. First, Petitioner claims he met his appointed counsel for the first time during his sentencing hearing, but the record shows that counsel communicated extensively with Petitioner via text messages, emails, and videoconference. *See* Docket Nos. 7 at 9-11; 7-7; 7-8. The mere lack of face-to-face meetings—considering the existence of a global pandemic, Petitioner's medical conditions and mobility limitations, and the geographic distance between Petitioner and the attorney's office—does not constitute deficient representation. *See* Docket No. 7 at 9-10. Second, Petitioner also claims that the trial judge and his trial counsel had conflict of interests in this case yet fails to provide any factual support for this statement other than speculative and conclusory statements. *See id.* at 11. Third, Petitioner faults trial counsel for being designated to FCI Butner, yet counsel did not request this designation. *Id.* at 12. Fourth, the record belies the assertion that trial counsel did not interview potential witnesses; moreover, the witnesses were not needed in light of Petitioner's guilty plea. *Id.* at 13-14. Fifth, the record demonstrates that the paralegal assigned to this case did extensive work on the matter and that the investigator was not needed. *Id.* at 14-16. Sixth, counsel did not provide deficient representation for thoroughly assessing whether Petitioner was competent to plea through psychiatric evaluations. *Id.* at 16-17. Seventh, Petitioner does not explain how counsel's advice regarding the SSA evaluations was incorrect, deficient, or prejudicial. *Id.* at 17-18. Finally, counsel's decision to wait before filing a motion pursuant the spousal testimony privilege was strategic and the matter became moot when Petitioner pled guilty. *Id.* at 18-19.

Petitioner has failed to rebut the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Trial counsel spent considerable time

reviewing the discovery in this case, gathering evidence to support Petitioner's defense, performing legal research, and exploring potential meritorious arguments. Docket Nos. 7 at 2-9; 17 at 10-12. As such, Petitioner has failed to establish ineffective assistance of counsel.

   II.   **Guilty Plea**

A defendant may withdraw from a plea if he can show "a fair and just reason for requesting the withdrawal." *United States v. Isom*, 580 F.3d 43, 52 (1st Cir. 2009) (citing *United States v. Sousa*, 468 F.3d 42, 46 (1st Cir. 2006)); Fed. R. Crim. P. 11(d)(2)(B)). In making this determination, a court must consider "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed." *Isom*, 580 F.3d at 52 (citation omitted). The First Circuit has "regularly noted" that the most important factors to consider pursuant to Rule 11 are whether the plea was voluntary, intelligent, and knowing. *Id.* "A defendant does not have an automatic right to withdraw his plea," and the burden of persuasion as to the existence of "fair and just reason" rests squarely with the defendant. *United States v. Parrilla-Tirado*, 22 F.3d 368, 371 (1st Cir. 1994).

The record does not reflect any defect in Petitioner's Rule 11 colloquy. During the change of plea hearing, the Magistrate Judge advised Petitioner personally as to, *inter alia*, the purpose of the change of plea hearing, the constitutional rights Defendant was waiving by pleading guilty, the consequences of pleading guilty, the maximum penalties of the offenses charged, the specific elements of the offenses, and Defendant's limitations on withdrawing his guilty plea. Crim. No. 19-459, Docket No. 181 at 27-59. Moreover, Defendant testified under oath, at various points, that he understood the proceedings and that his decision to plead guilty was voluntary. *See United States v. Jimenez*, 512 F.3d 1, 3-4 (1st Cir. 2007) ("A defendant's acknowledgement, during a change-of-plea

proceeding, that he understands a lucid explanation of his potential sentencing exposure is powerful evidence of the knowing nature of his guilty plea."). Defendant accepted under oath that he was not threatened or pressured to plead guilty, *id.* at 50-52; and that he was satisfied with the representation provided by his counsel, *id.* at 29. At no point during the hearing did Petitioner raise an objection regarding his plea or counsel's performance.

To the extent that Petitioner argues that trial counsel pressure him into accepting the plea, his statements under oath at the Rule 11 hearing that he did not feel forced or threatened to plead guilty "carry a strong presumption of verity," as "it is the policy of the law to hold litigants to their assurances at a plea colloquy." *United States v. Marrero-Rivera*, 124 F.3d 342, 349 (1st Cir. 1997) (citations omitted). Moreover, Defendant has presented "no affirmative evidence that [he] acted involuntarily." *Id.* Therefore, even if counsel "persuaded" Defendant that pleading guilty was in his best interest, it does not follow that the plea was rendered "involuntarily." *Id.*; *see also Williams v. Chrans*, 945 F.2d 926, 933 (7th Cir. 1991) ("Advice[,] even strong urging by counsel does not invalidate a guilty plea.") (cleaned up). Moreover, the other factors similarly weigh against Petitioner given the lack of factual support for the reasons offered in support of the motion, the lack of a claim of actual innocence, and the delay in making this request, which was filed 8 months after Judgment was entered.

## CONCLUSION

In view of the foregoing, the Motion to Dismiss is GRANTED and Petitioner's Motion under 28 U.S.C. § 2255 is **DENIED**. Judgment shall be entered accordingly.

## CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal, because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of October, 2024.

<u>s/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge